United States District Court
Southern District of Texas
**ENTERED**
March 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. 4:16-CR-0368-04 |
| MARK BARNES | § § § § | |

# MEMORANDUM AND ORDER

The defendant, Mark Barnes (BOP #91897-080), is presently serving a 170-month prison sentence that he received as the result of his conviction for conspiracy to possess with intent to distribute a controlled substance. Citing his health and concerns about the COVID-19 pandemic, Barnes has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) with medical records and other exhibits [Docs. # 192, # 193]. The government opposes the request, arguing that Barnes does not meet the criteria for relief [Doc. # 194]. After considering all of the parties' submissions, the motion for compassionate release will be denied for the reasons explained below.

## I.     BACKGROUND

A federal grand jury in this district returned a superseding indictment against Barnes and three co-defendants (Gary McCowin, Byron Adams, and Elmer Cathey), charging them with conspiracy to possess with intent to distribute controlled

substances in the form of cocaine and marijuana [Doc. # 41, at 1-2]. Under the terms of a written plea agreement [Doc. # 99], Barnes agreed to plead guilty to one count of conspiracy to possess with intent to distribute cocaine as alleged by the government in a superseding information [Doc. # 97].

The Probation Office prepared a Presentence Report ("PSR") under the United States Sentencing Guidelines ("U.S.S.G."), which determined that Barnes was accountable for trafficking at least 16 kilograms of cocaine [Doc. # 155, at 9]. Because Barnes had prior federal convictions for possession with intent to distribute crack cocaine and assault with a dangerous weapon, the Probation Office further determined that Barnes qualified as a career offender under U.S.S.G. § 4B1.1, which resulted in a total offense level of 32 [*Id*. at 11]. The PSR showed that Barnes had multiple prior convictions dating from the age of 18 for possession of marijuana, unlawful possession of a weapon, possession with intent to deliver cocaine, possession with intent to distribute crack cocaine, and assault with a dangerous weapon in which Barnes violently attacked another inmate while in federal custody [*Id*. at 11-14]. Barnes's lengthy criminal record and career-offender status placed him in Criminal History Category VI [*Id*. at 14]. Based on this calculation, Barnes faced a potential sentence of 210 to 262 months' imprisonment [*Id*. at 16].

After hearing objections and arguments from counsel, the Court granted Barnes credit for acceptance of responsibility, which reduced his total offense level

to 29 and his potential sentence of imprisonment to a range of between 151 to 188 months [Doc. # 184, at 32-33].  The Court sentenced Barnes in the middle of that range and ordered him to serve 170 months in prison, followed by a three-year term of supervised release [*Id.* at 54-60; Doc. # 173, at 2-3].

Barnes's appeal from the sentence was dismissed as frivolous in an unpublished opinion. *See United States v. Barnes*, No. 18-20047 (5th Cir. Sept. 28, 2018) [Doc. # 188].  Barnes is currently serving his sentence at the Federal Correctional Institution in Big Spring, Texas ("FCI-Big Spring"). *See* United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited March 23, 2021).  He is not scheduled to be released until January 2029. *See id.*

On August 17, 2020, the Court received a letter from Barnes, requesting appointment of his previous defense counsel for purposes of seeking compassionate release from prison [Doc. # 189].  The Court granted that motion [Doc. # 191]. Now pending before the Court is Barnes's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which seeks a reduction in sentence to time-served or transfer to home confinement due an outbreak of COVID-19 infections at FCI-Big Spring [Doc. # 192, at 8].  In support of that motion, Barnes notes that he suffers from several health conditions, including type-2 diabetes, hyperlipidemia, and hypothyroidism, which place him at increased risk of serious illness or death due to COVID-19 [*Id*. at 12-13].

## II. DISCUSSION

### A. Reductions in Sentence under 18 U.S.C. § 3582(c)(1)(A)

A district court is authorized to modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), upon motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal," if the court finds that:

  i. "extraordinary and compelling reasons warrant a reduction;" or

  ii. the defendant is at least 70 years of age, has served at least 30 years in prison, and "a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community[.]"

18 U.S.C. § 3582(c)(1)(A). The government acknowledges that Barnes complied with the exhaustion requirement by pursuing an administrative request for release that was denied by the warden before seeking relief in federal court [Doc. # 194, at 9]. The Court therefore will consider whether Barnes demonstrates that there are "extraordinary and compelling reasons" to grant his release.

Any reduction under § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission. *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement

on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)). If "extraordinary and compelling reasons" are found to exist, the policy statement found in U.S.S.G. § 1B1.13(2) authorizes early release only if the court finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." Decisions about whether to grant or deny a motion for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the reviewing court's consideration of the applicable policy statement and other sentencing factors found in 18 U.S.C. § 3553(a). *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

### B. Barnes is Not Entitled to Relief

The Court has examined all of the pleadings and exhibits provided by the parties and concludes that Barnes does not show that extraordinary and compelling reasons are present or that he meets the criteria for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The current policy statement articulated by the Sentencing Commission reflects that consideration for early release is limited to the following circumstances:

> A. Medical Condition of the Defendant. —
>
>   i. The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer,

>>amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   ii. The defendant is —
>
>   I. suffering from a serious physical or medical condition,
>
>   II. suffering from a serious functional or cognitive impairment, or
>
>   III. experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> B. Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> C. Family Circumstances.
>
>   i. The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   ii. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> D. Other Reasons. — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2018).

Medical records show that Barnes, who is 47 years of age, was diagnosed with type-2 diabetes in 2017 [Doc. # 192-1, at 7]. He also has a diagnosis of hypothyroidism and hyperlipidemia [*Id.* at 8]. All three conditions are regularly monitored and controlled with medication [*Id.* at 8-89]. Lab work done on March 30, 2020, determined that Barnes's hemoglobin A1C was 7.6, which is measured to detect and monitor diabetes, was well outside the range of what is considered normal (4.0-5.7) [*Id.* at 88].

According to the Centers for Disease Control ("CDC"), type-2 diabetes is a condition that places a person at increased risk of severe illness due to COVID-19 [Doc. # 192-2, at 2]. Nevertheless, Barnes does not demonstrate that any of his conditions qualify as a terminal illness or that he is over the age of 65 and suffers from a serious condition that substantially diminishes his ability to provide self-care within the correctional setting. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(B). He does not establish extenuating family circumstances or show that other reasons warrant relief. *See id.* § 1B1.13, cmt. n.1(C)-(D). Because Barnes does not show that he fits within any of the categories found in U.S.S.G. § 1B1.13 cmt. n.1, he fails to show that there is an extraordinary or compelling basis for compassionate release. *See United States v. Rivas*, 833 F. App'x 556, 558-60 (5th Cir. Nov. 2, 2020) (per

curiam) (discussing the factors in the policy statement found in in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(D) and concluding that the defendant failed to show that any applied).

To the extent that Barnes expresses concern about contracting COVID-19 while incarcerated, the government has provided information showing that the BOP has taken numerous steps to stop the virus's spread within the prison environment [Doc. # 194, at 2-7]. Publicly available information from the BOP confirms that efforts are underway to vaccinate the entire federal prison population and prison personnel. *See* United States Bureau of Prisons website, available at: http://bop.gov/coronavirus (last visited March 23, 2021) (indicating that there are 125,485 federal inmates held in BOP-managed institutions and that there have been 89,271 doses of the vaccine administered to date). This information further reflects that, although there were three inmate deaths attributed to COVID-19 at FCI-Big Spring, where there was a sizeable outbreak of the virus, there are currently no reported positive cases among the inmate population. The evidence and allegations do not show that Barnes is currently at serious risk at this facility. The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (observing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release,

especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

The Court notes that Barnes has presented several letters from friends, family members, and two potential employers in support of his request for early release [Docs. # 193-2, at 1; # 193-3, at 1; # 193-4, at 1-5]. Barnes has also presented evidence showing that he has completed several educational programs while at FCI-Big Spring [Doc. # 193-1, at 1-8]. While these efforts are commendable, it is well established that rehabilitation, standing alone, cannot qualify as "extraordinary and compelling reasons to warrant a reduction" for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)).

In addition to the policy statement that governs requests for compassionate release, the Court has also carefully reviewed the record in this criminal case. Barnes's record of previous convictions shows that this is the fourth time that he has received a significant prison sentence for a serious offense. In 1992, when Barnes was 18 years of age, he was convicted of possession with intent to deliver cocaine and sentenced to 15 years' imprisonment by the 184th District Court for Harris County, Texas [Doc. # 155, at 12]. While on parole for that offense, Barnes was convicted of possession with intent to distribute crack cocaine in 1999, and

sentenced to 168 months in federal prison by the United States District Court for the Western District of Texas, which later reduced his term of confinement to 136 months under amendments to the Sentencing Guidelines for crack offenses [*Id*.]. While serving that sentence in the Federal Bureau of Prisons, Barnes was charged with assault with a dangerous weapon after beating another inmate with a belt that had a lock attached to it because he and other gang members thought the inmate was cooperating with law enforcement [*Id*. at 13]. Barnes, who was 31 years of age at that time, was convicted of those charges in the Western District of Louisiana and sentenced to serve an additional 100 months in federal prison in 2005 [*Id*.] After Barnes was released from federal prison in 2015 and assigned to a residential re-entry center, where he met co-defendant Adams, Barnes began dealing drugs again — while still on supervised release — until he was apprehended in connection with the underlying offense that resulted in his current sentence [*Id*. at 9].

With credit for pretrial confinement that began with his transfer from state to federal custody on December 13, 2016, it appears that Barnes has served only 51 months of his 170-month sentence. Based on his record of re-offending upon his release from prison while still under supervision, Barnes fails to demonstrate that he "is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g). Moreover, the Court finds that a balance of the sentencing factors found in 18 U.S.C. § 3553(a) do not support a reduction in sentence because

an early release would result in a sentence that does not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes. Under these circumstances, a reduction in sentence is not warranted. *See, e.g., United States v. Huckel*, — F. App'x —, 2021 WL 1086119 (5th Cir. March 19, 2021) (per curiam) (concluding that the district court properly denied a motion for compassionate release for a defendant with a fairly lengthy criminal record who was convicted of drug offenses and the sentencing factors found in 18 U.S.C. § 3553(a) did not weigh in his favor). After reviewing the entire record and weighing all of the relevant factors, the Court concludes that Barnes is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A) and therefore his motion for compassionate release will be denied.

### III.  CONCLUSION AND ORDER

Accordingly, it is **ORDERED** that motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Mark Barnes [Doc. # 192] is **DENIED**.

The Clerk will provide a copy of this order to the parties of record.

SIGNED at Houston, Texas on ___March 26,_____, 2021.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE